UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONOVAN J. MORRIS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-66-SCR

**RULING ON MOTION FOR ATTORNEY'S FEES**

Before the court is the plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d). Record document number 13. Defendant filed a response.[1]

In his Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, motion, the plaintiff seeks a total of $3,562.50 in attorney's fees. Plaintiff supported the motion with his own affidavit, in which he also purports to assign his fee recovery to his attorney, and an affidavit from his attorney itemizing the time spent on the case.

In her response to the plaintiff's motion the Commissioner stated that she has no objection to the total amount of fees sought by the plaintiff, but did oppose payment of the fees directly to the plaintiff's attorney.

A review of the fee motion shows that it was timely filed, the prerequisites for an award of fees under the EAJA are satisfied,

---

[1] Record document number 15.

and the amount of fees requested by the plaintiff are reasonable.[2] However, fees awarded under the EAJA are awarded to the plaintiff.[3]

Accordingly, the plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d) is granted. Plaintiff is awarded attorney's fees in the amount of $3,562.50.

Baton Rouge, Louisiana, June 10, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] The amount of attorney's fees requested represents a total of 23.75 hours expended for work before the court at an hourly rate of $150 per hour. The hourly rate of $150 exceeds by $25 the $125 cap on hourly rates set forth in 28 U.S.C. § 2412(d)(2)(A). The court interprets the motion as including a request to increase the statutory hourly rate based on an increase in the cost of living since the EAJA was amended in 1996 and the limited availability of attorneys to represent claimants who appeal to the district court. The court approves the requested $150 hourly rate because it is a reasonable rate and the Commissioner does not oppose it. *See*, *Watkins v. Commissioner of Social Security Admin.,* 2014 WL 129065 (M.D. La. Jan. 9, 2014)($150 rate awarded because it was proposed by Commissioner, and is a reasonable rate based on rates generally used in Louisiana Middle and Western District cases since 2008). In granting this fee award the court does not make a specific finding that the higher hourly rate is justified under 28 U.S.C. § 2412(d)(2)(A).

[3] *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 2524 (2010).